UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CLAYTON HOGUE                                CIVIL ACTION

VERSUS                                       NO: 08-4188

PRIDE OFFSHORE, INC.                         SECTION: J

## ORDER AND REASONS

Before the Court is Plaintiff's **Memorandum regarding Fed. Civ. Proc. Rule 9(h) and Alternative Motion to Amend Pleadings (Rec. Doc. 30)** and Defendant's **Memorandum in Support of Trial by Jury (Rec. Doc. 29)**. The Court has reviewed the motion, the record, the memoranda of counsel, and the applicable law, and now finds as follows.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

On or about March 2007, Plaintiff, Clayton Hogue alleges he injured his shoulder while employed by Defendant, Pride Offshore, Inc. Plaintiff claims this injury occurred due to Defendant's negligent actions.

On August 14, 2008, Plaintiff filed a complaint alleging the aforementioned claims. In this complaint, Plaintiff asserted this court's jurisdiction falls under Jones Act, General Maritime Law, and Diversity. Plaintiff prayed for trial by jury in relation to all issues raised in the complaint.

Also on August 14, 2008, approximately one hour and fifteen

minutes after Plaintiff filed his initial complaint, Plaintiff filed a First Supplemental and Amended Complaint ("Amended Complaint"). The Amended Complaint deleted the reference to diversity jurisdiction and stated that this court's jurisdiction falls under Jones Act, General Maritime Law, and Admiralty Rule 9(h). In the Amended Complaint, Plaintiff specifically designated the claim as an admiralty claim under 9(h) and designated the matter as a non-jury trial. Plaintiff also removed the jury trial request.

On September 12, 2008, Defendant filed an answer to both Plaintiff's initial complaint and the Amended Complaint. In both answers, Defendant asserted a demand for jury trial. Defendant, however, never specifically addressed Plaintiff's designation of the matter as a non-jury trial under 9(h).

Despite Plaintiff's amended complaint designating his claims under Rule 9(h), this matter is currently set for jury trial. However, at the pre-trial conference held on August 13, 2009, the parties were asked to submit briefs in support of their positions as to whether this case should proceed before a jury. Both parties have complied with this order and their briefs are now before the court.

## THE PARTIES' ARGUMENTS

In Plaintiff's memorandum in support of a non-jury trial, he asserts that Defendant did not have a right to a trial by jury

after August 14, 2008.  According to Plaintiff, no such right exists when a plaintiff properly pleads an Admiralty 9(h) claim. <u>Hunt v. Diamond Offshore Drilling, Inc.</u>, 2002 WL 1906914 (E.D. La. Aug. 19, 2002).  Plaintiff argues that an Admiralty 9(h) claim was clearly pleaded on August 14, 2008 in the Amended Complaint.  Therefore, when Defendant filed its answer, no right to a jury trial existed.

On the contrary, Defendant claims a constitutional right to a jury because the original complaint in this matter was filed under the court's diversity jurisdiction.  Defendant states that a plaintiff cannot deprive a defendant of this right unless the requirements of Fed. Rule of Civ. P. 39 are met.  <u>Johnson v. Penrod Drilling Company</u>, 469 F.2d 897 (5th Cir. 1972).  Further, although the Amended Complaint was filed merely an hour and fifteen minutes after the initial complaint, Defendant claims that its constitutional right to trial by jury is unaffected by the Rule 9(h) Pleading in the Amended Complaint.

Plaintiff believes that if the status of the case is changed by the court, Defendant will suffer no prejudice.  Plaintiff makes this claim despite the case being scheduled as a jury trial since the preliminary pre-trial conference in December of 2008.  Plaintiff further states that even if such prejudice exists, it can be cured by allowing a brief continuance of this matter.  Lastly, Plaintiff asserts that in making the decision as to

3

whether this case should proceed by jury, the court should not give any weight to the scheduling order's designation of the case as a jury trial.

## DISCUSSION

**I. Amending the Complaint to Proceed under Rule 9(h)**

The Fifth Circuit has, on a number of occasions, addressed the issue of whether a plaintiff can amend a complaint, which demands trial by jury, to request that the matter proceed as a non-jury trial under Rule 9(h). However, each time the issue has been reviewed, the cases have been distinguished on facts specific to the pleadings and therefore, the law on this issue is not remotely clear.

The argument between the parties in this case is similar to the issue in Johnson. As stated in Johnson, the issue is whether plaintiffs, "through the device of amending their complaints to state admiralty and maritime claims under Rule 9(h), effectively withdraw their demands for jury trials without compliance with the specific procedures set forth in Rule 39(a) for withdrawal of such demands." Johnson, 469 F.2d at 902.

The applicable Federal Rules of Civil Procedure on this issue states that the right of trial by jury as declared by the Seventh Amendment[1] is preserved to the parties inviolate. Fed.

---

[1] The Seventh Amendment states that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried

4

R. Civ. P. 38(a).  If certain procedural guidelines are met, any party may demand a trial by jury of any issue triable of right by a jury.  Fed. R. Civ. P. 38(b).  However, there is no right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h).  Fed. R. Civ. P. 38(e).  Nevertheless, once a jury trial has been demanded, there must be a trial by jury unless the parties or their attorneys agree to a non-jury trial or the court, on its own motion, finds there is no right to a jury trial.  Fed. R. Civ. P. 39(a).

In the current matter, Plaintiff demanded a trial by jury in his initial complaint.  Plaintiff's initial complaint alleged that the court had jurisdiction under Jones Act, General Maritime Law, and Diversity.  Although Plaintiff, prior to an answer filed by Defendant, expeditiously filed an amended complaint in which he removed his request for a jury and alleged jurisdiction under 9(h), Defendant asserts that once Plaintiff demanded trial by jury and asserted diversity jurisdiction, Defendant enjoyed a constitutional right to trial by jury.

While the two prevailing Fifth Circuit opinions in this matter, <u>Johnson</u> and <u>Rachal v. Ingram Corporation</u>, 795 F.2d 1210 (5th Cir. 1986), appear to be in direct contrast to each other, these opinions are merely factually based and are easily

---

by a jury, shall be otherwise reexamined in any Court of the Untied States, than according to the rules of the common law."

5

distinguishable from each other. Unfortunately, neither opinion provides clear guidance to the facts surrounding the current case.

*Johnson v. Penrod Drilling Company*

Johnson involved two separate cases on appeal. These cases, which involved similar fact patterns, consisted of complaints, in which a plaintiff alleged both diversity of citizenship and Jones Act jurisdiction. Id. at 899-900. There were separate demands for trial by jury filed with the complaints. Id. After the defendants filed answers to the complaints, the plaintiffs, upon leave of court, amended the complaints to allege Admiralty and Maritime jurisdiction pursuant to the provisions of Rule 9(h). Id. The district court allowed the cases to proceed as non-jury 9(h) claims. Id.

On appeal, the Fifth Circuit held that the district court violated the defendant's Seventh Amendment right to jury trial when the court transferred the action from its jury docket to its non-jury docket. Johnson, 469 F.2d 897 (5th Cir. 1972).

*Rachal v. Ingram Corporation*

In Rachal, the plaintiff filed a complaint, which he identified as falling under the Jones Act and the General Maritime Law, and as an action in Admiralty under Rule 9(h). Rachal, 795 F.2d at 1212. Contrary to the 9(h) assertion, plaintiff demanded a jury trial on the cover of the complaint.

6

Id. Despite defendant's answering the complaint and denying plaintiff's right to a jury trial, the case was placed on the jury trial docket. Id. Approximately a year later, the plaintiff filed a supplemental and amended complaint, which made no mention of a jury trial, but specified that the action was under Rule 9(h). Id. The defendant then asserted a right to jury trial, to which plaintiff replied by filing a motion to strike the jury demand. Id. The district court granted the motion to strike and held that the plaintiff could properly amend the complaint to proceed under Rule 9(h) without obtaining the defendant's consent under Fed. R. Civ. P. 39(a). Id. The Fifth Circuit affirmed.

Although both Johnson and Rachal involved instances of a plaintiff amending his complaint to remove a prior request for a jury trial and to proceed without a jury under 9(h), the cases are distinguishable. The key in distinguishing the two cases is that in Johnson, the plaintiff alleged diversity jurisdiction as well as Jones Act jurisdiction in his original complaint. Green v. GlobalSantaFe Drilling Company, 2007 WL 2008054, at *1 (E.D. La. July 6, 2007).

A claim of diversity jurisdiction allows consideration of the Seventh Amendment constitutional right to a jury. Rachal, 795 F.2d at 1216. Further, diversity jurisdiction provides an independent constitutional basis for a claim for a jury trial.

7

Id. This independent constitutional basis prevents a plaintiff from ignoring Rule 39(a), and therefore, when diversity jurisdiction is plead in the initial complaint, a court is precluded from finding that a right to jury trial does not exist. Id. The original complaint in Rachal, unlike the original complaint in Johnson, did not plead diversity jurisdiction and therefore, there was no statutory right or independent constitutional basis for a jury trial. Id.

The initial complaint in the current matter alleged diversity jurisdiction. As a result, if this court follows the logic of Johnson and Rachal, it would appear that Plaintiff's amended complaint, alleging 9(h) jurisdiction, cannot deprive Defendant of its right to a jury trial. However, an important distinction exists which makes this case distinguishable from both Rachal and Johnson.

In both Johnson and Rachal, the amended complaints were filed after the defendant's answer and therefore, leave of the court was required. Fed. Civ. P. Rule 15. While the Fifth Circuit has not yet ruled on whether a plaintiff's action of amending the complaint prior to the defendant's answer can change the outcome of this issue, the timing of the amended complaint was of importance to the Johnson court.

In holding that the plaintiff could not prevent the defendant from asserting its Seventh Amendment right to a jury

8

trial by amending his complaint to proceed under Rule 9(h), the Johnson court cited with approval Banks v. Hanover Steamship Corporation, 43 F.R.D. 374 (D. Md. 1967). Johnson, 469 F.2d at 903. The holding in Banks hinged on whether the Court should have used its discretion in allowing the plaintiff to amend its complaint to proceed under Rule 9(h). Johnson, 469 F.2d at 903. In the current case, the amended complaint was filed prior to the defendant's answer. In fact, both the original and amended complaints were filed on the same day. Therefore, despite defendant's assertion to the contrary, the plaintiff's clear pleading of an admiralty claim under Rule 9(h) prevented the attachment of defendant's Seventh Amendment right to a jury trial. Price v. Gulf South Pipeline Co., LP, 2005 WL 2036889 (E.D. La. July 27, 2005) (stating that a defendant's Seventh Amendment right to jury trial did not attach where defendant contemporaneously received the original complaint requesting a jury trial, and an amended complaint alleging the claims were filed under 9(h)). As a result, this case should be moved from the jury docket to the non-jury docket.

**II. Jury Docket to Non-Jury Docket on the Eve of Trial**

Defendant, in its memorandum, states that Plaintiff is attempting to move the case from the jury docket to the non-jury docket on the eve of trial. Although the defendant does not assert that such a move is not permitted, it is noteworthy that

9

the Fifth Circuit has held that such a move is not considered reversible error, provided that the defendant is not "ambush[ed]" by plaintiff's demands. <u>Eubanks v. Noble Offshore Corporation</u>, 224 Fed. Appx. 319, 320 (5th Cir. 2007) (citing <u>Rachal</u>, 795 F.2d at 1217). The defendant has made no claims that it has been "ambushed" or prejudiced by Plaintiff's demands. Therefore, the court will strike the jury for the remaining claim[2] and allow Plaintiff to proceed under Rule 9(h).

Accordingly:

**IT IS ORDERED** that this case be moved from the jury docket to the non-jury docket.

**IT IS FURTHER ORDERED,** in light of the Court's ruling, that Plaintiff's **Motion to Amend Pleadings (Rec. Doc. 30)** is hereby **DENIED AS MOOT.**

New Orleans, Louisiana, this 27th day of August, 2009.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff has agreed to voluntarily dismiss any claims arising out of a second accident, which occurred on a fixed platform while he was employed by Defendant.

10